**In the Matter of FSC CORPORATION, Debtor,**

v.

**G. Gray GARLAND, Jr., and Pennsylvania Energy Corporation, Defendants.**

**Bankruptcy No. 81–2558.**
**Adv. No. 83–1504.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Jan. 23, 1986.

J. Alan Crittenden, M. Bruce McCullough, Buchanan Ingersoll, P.C., Pittsburgh, Pa., for plaintiff/debtor.

James G. Gordon, Wymard, Dunn & Gordon, Pittsburgh, Pa., for defendants.

### MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

The matter before the Court is FSC Corporation's (hereinafter "FSC") Complaint To Compel Payment Of A Debt, Interest, Attorneys' Fees and Costs. At issue is FSC's Motion For Partial Summary Judgment, wherein it is averred that there is no genuine issue of material fact and that FSC is entitled to judgment as a matter of law. For the reasons hereinafter set forth, this Court determines that issues of material fact exist, and therefore, FSC's Motion for Partial Summary Judgment is denied.

The parties agree that FSC's employees, at Mr. Garland's request, performed accounting services for Mr. Garland with respect to a corporation in which he had a substantial property interest. The parties' agreement as to the facts ends at this point. FSC alleges that it and Mr. Garland agreed that Mr. Garland would reimburse FSC for its employees' time since the accounting services performed did not benefit FSC at all. Alternatively, FSC argues that it is entitled to be paid for its services on a *quantum meruit* theory. On the other hand, Mr. Garland and Pennsylvania Energy Corporation (hereinafter "Defendants") aver that nothing is owed to FSC because the parties agreed that the cost of the accounting services would be set off against FSC's debt of approximately $500,-000 to Mr. Garland's law firm.

The state of the record makes it clear that there are at least two issues of fact to be determined. The first is whether there was a contractual relationship between FSC and Mr. Garland, and, second, the terms of that contract. That is, did the parties agree that FSC would receive payment, or did the parties agree that the cost of accounting services would be set off against the amount FSC owed to Mr. Garland's firm? In addition, if it is determined at trial that no contract existed between the parties, the question will be whether FSC is entitled to payment for its employees' rendering of accounting services on a *quantum meruit* theory.

Rule 56(c) of the Federal Rules of Civil Procedure applies to this Motion for Summary Judgment and to Adversary proceedings in bankruptcy by virtue of Bankruptcy Rule 7056. *See* F.R.Civ.P. 56(d); Bankr.R. 7056. Rule 56(c) provides in part that:

> "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The Complaint, Answer, Affidavits, and Answers to Interrogatories that are part of the record in the instant case establish that there are genuine issues of material fact to be decided. Accordingly, the Motion for Partial Summary Judgment cannot be granted.